UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

JOHN SACA, an individual,

      Plaintiffs,

  v.

JUAN-PABLO MOLYNEUX, also known as JUAN P. MOLYNEUX also known as J.P. MOLYNEUX, individually and as Chief Executive Officer of J.P. MOLYNEUX STUDIO, LTD.; J.P. MOLYNEUX STUDIO, LTD., a New York corporation; and DOES 1-100,

      Defendants.

No. 06-cv-02818-MCE-EFB

ORDER

----oo0oo----

The present action involves the alleged breach of a contract to design a private residence to be built in Sacramento, California. On June 17, 2003, John Saca ("Plaintiff") met with Juan-Pablo Molyneux, representing J.P. Molyneux Studio, LTD. (collectively "Defendants"), in San Francisco, California, to negotiate a contract for the architectural plan and design of a private residence. Plaintiff resides in Sacramento, California.

1

1 The individual Defendant resides in New York City, NY, and the
2 corporate Defendant has its principle place of business in New
3 York City, NY.
4     The present action is before this Court on the basis of
5 diversity jurisdiction.  Plaintiff is a citizen of California
6 claiming over $75,000 in damages and Defendants are citizens of
7 other states.  28 U.S.C. § 1332(a).
8     The contract called for a complete detailed blueprint and
9 material specifications for a home to be constructed on
10 Plaintiff's property in Sacramento, California.  After a second
11 meeting in San Francisco, California, the parties agreed to and
12 signed a contract wherein the Defendants would provide the plans
13 for the home that a contractor could then use to complete
14 construction.  The contract also required that the plans satisfy
15 local building ordinances and the California Building Code.  In
16 return, Plaintiff agreed to pay $350,000, to be paid in
17 installments upon completion of each "phase," until the project
18 was completed within the agreed upon time of seven (7) months.
19 As part of the agreed upon work, Defendant Molyneux visited the
20 property in Sacramento, California, once.
21     On October 20, 2005, Plaintiff submitted the plans to the
22 County of Sacramento for the necessary approval to obtain a
23 building permit, but the plans were rejected.  In March 2006, and
24 again in August 2006, revised versions of the plans were re-
25 submitted to the County of Sacramento and were again rejected.
26 In September 2006, Defendants refused to perform any more work on
27 the plans.
28 ///

Plaintiff filed an action for breach of contract and other related claims in the Eastern District of California on December 12, 2006.  Defendants have asked the Court to transfer the case to the Southern District of New York.  For the reasons discussed below, Defendants' motion for change of venue is DENIED.[1]

## STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a) (emphasis added).

Under § 1404(a), the Court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotations and citations omitted); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case.  For example, the court *may* consider": 1) the plaintiff's choice of forum, 2) respective party contacts with the forum, 3) contacts relating to the plaintiff's cause of action in the forum, 4) the cost of litigation in either forum,

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

3

1  5) the ease of access to sources of proof, 6) the complexity of
2  the governing law, 7) the availability of compulsory process to
3  compel attendance of unwilling non-party witnesses, and finally
4  8) other factors that, in the interest of justice, impact the
5  convenience or fairness of a particular venue.  Jones, 211 F.3d
6  at 498-99 (emphasis added) (citing Stewart, 487 U.S. at 29-31).

## **ANALYSIS**

California is Plaintiff's choice of forum.  The Court affords considerable deference to the general principle that "the plaintiff's choice of forum should rarely be disturbed," especially when evidence and witnesses vital to Plaintiff's claims are located within the jurisdiction of that forum.  Jones, 211 F.3d at 499 (attributing significant weight to the location of "relevant witnesses and other sources of proof" when considering a particular venue).

In consideration of a potential trial and trial preparation, the Court finds that "more of the relevant witnesses and other sources of proof [are] located in California."  Jones, 211 F.3d at 499.  Defendants assert that the majority of the witnesses scheduled to be deposed are located in New York City, while Plaintiff asserts that the majority of the witnesses for trial are located in California.  Given that the contract called for the design of a residence adhering to local building codes in Sacramento, proof of issues pertaining to the local building permit process and the adequacy of Defendants' performance under the contract will require local witnesses.

4

1     Due to the nature of residential construction, the
2 Defendants' performance of the contract heavily depended upon
3 satisfying local building codes.  Consequently, a majority of
4 Plaintiff's claims are related to the Defendants' alleged failure
5 to satisfy the local building codes in a timely manner, and the
6 Defendants' alleged misrepresentations concerning that work.  All
7 of the personnel employed by Sacramento County to review permit
8 applications and issue permits reside in California.
9 Furthermore, the events upon which Plaintiff's claims are based
10 also involved several professionals in the residential
11 construction field; all of whom reside in the Eastern District of
12 California.  Additionally, the property on which the home was to
13 be built is located in the Eastern District of California.
14     Finally, the Court notes that the non-party witnesses in New
15 York are all employees of Defendants and Defendants have made no
16 assertion that these witnesses are unwilling to travel to
17 California to testify in this trial.  Furthermore, Defendants, as
18 the witnesses employers, have some means to secure that these
19 witnesses attend and give testimony in a trial in California.
20 Plaintiff, however, has no means by which to compel non-party
21 witnesses in California, namely the employees of Sacramento
22 County, to appear and give testimony at a trial in New York.
23     The Court finds the remaining guidelines to be of little
24 moment given the facts in this case and the convenient flow of
25 information afforded by modern communication systems.
26 ///
27 ///
28 ///

## **CONCLUSION**

The Court has carefully reviewed the moving papers and the arguments raised therein.  In light of the controlling federal precedent, the Court finds that the Southern District of New York is no more convenient a venue than the Eastern District of California.  Accordingly, transfer of this case to the Southern District of New York is not warranted.

As such, Defendants' motion for change of venue to the Southern District of New York is DENIED.

IT IS SO ORDERED.

Dated: September 18, 2007

**MORRISON C. ENGLAND, JR.**
**UNITED STATES DISTRICT JUDGE**