1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOHN SACA,

11              Plaintiff,                         No. CIV S-06-2818 MCE EFB

12         vs.

13    J.P. MOLYNEUX STUDIO LTD. et al.,
                                                          ORDER
14              Defendants.
      _____/

15

16         This case was before the undersigned on October 3, 2007, for hearing on plaintiff's eight

17    motions to compel the depositions of defendant Juan-Pablo Molyneux and various other

18    witnesses.  Port J. Parker appeared as plaintiff's counsel, and Illya Hooshang Broomand

19    appeared as defense counsel.  Having considered all submitted papers and oral argument, the

20    court issues the following order granting plaintiff's motions, as specified herein.

21    **I.  BACKGROUND**

22         This diversity action is proceeding on the complaint filed December 2, 2006, and

23    defendant Molyneux Studio, Ltd.'s counterclaim filed March 2, 2007.  Plaintiff alleges claims

24    for breach of contract, breach of implied covenant of good faith and fair dealing, fraud and

25    deceit, concealment, rescission, restitution, constructive trust, negligent misrepresentation, and

26    negligence, all in connection with an agreement between the parties for the design and

1   construction of a residence on plaintiff's property in Sacramento.  Defendant Molyneux Studio,

2   Ltd. has countersued for breach of contract based on the same underlying transaction.  The

3   present dispute involves the parties' inability to agree upon dates for the depositions of Mr.

4   Molyneux and other deponents.

5          The court will not rehash the details contained in the vast amount of paperwork filed by

6   both parties in connection with these motions.[1]  Rather, the dispute may be summarized as

7   follows.  Plaintiff's counsel began in early March 2007, to seek agreeable dates for the

8   depositions of eight individuals:  (1) Juan-Pablo Molyneux; (2) Vinicio Montegan; (3) Doug

9   Stine; (4) Mary Beth Karoll; (5) Jung Jin; (6) the person most knowledgeable about documents

10  and information produced in the litigation, including their storage, maintenance, etc; (7) the

11  person most knowledgeable about the number of employees, the number of design and

12  construction projects, etc., during the dates relevant to this action; and, (8) the person most

13  knowledgeable about the agreement executed between plaintiff and defendants, its amendments,

14  and the services provided.

15         Counsel disagreed about how long each deposition should last, which apparently

16  exacerbated their problems in deciding upon mutually agreeable dates for the depositions.  After

17  receiving no response from defense counsel's repeated inquiries for agreeable dates, plaintiff

18  served notices of depositions *duces tecum*, setting them to commence in New York, New York

19  on July 25, 2007.  Subsequently, plaintiff's counsel twice re-noticed the depositions to

20  accommodate the deponents' schedules.  Upon defense counsel's request for a third continuance

21  on August 8, 2007, the parties' cooperation, such as it was, began to erode, ultimately leading to

22  the present motions to compel.  In addition to seeking an order compelling the deponents to

23  appear for deposition, plaintiff seeks an order requiring plaintiff to produce the documents

24  identified in the notices of depositions *duces tecum*, and finding all objections to those document

25  
26         [1]  Approximately 1,400 pages of material was filed by the parties on these relatively
    simple motions.

                                                 2

1  requests waived.  Plaintiff further asks the court to set definitive dates for the above-referenced

2  depositions, and to order that they occur in Sacramento.

3  **II. DISCUSSION**

4        First, the court addresses the depositions themselves.  Pursuant to Fed. R. Civ. P. 37(d),

5  the court may make such orders as are just when a party or its agents fail to appear for a

6  deposition, or fail to timely respond to requests for production of documents.  Although the

7  defendants in this case gave plaintiff's counsel notice that they would not appear at the

8  depositions set by the second amended deposition notices, the court finds that an order

9  compelling those depositions is required here.  Given the numerous delays in setting definitive

10  dates for the depositions, and the impending discovery cut-off date of December 19, 2007, an

11  order setting definitive dates is appropriate.  Consistent with counsels' remarks at the hearing,

12  the depositions shall take place as follows: (1) Juan-Pablo Molyneux on November 26, 2007; (2)

13  Vinicio Montegan on November 27, 2007; (3) Doug Stine on November 28, 2007; (4) Jung Jin

14  on November 29, 2007; and, (5) Mary Beth Karoll on November 30, 2007.  This order is without

15  prejudice to the parties agreeing on earlier dates, but counsel are cautioned against further

16  delaying the depositions.  The depositions shall take place in New York as originally noticed.

17        With regard to the three "person most knowledgeable" depositions, plaintiff may proceed

18  with those, but if the designated individual for any such category is identical to the individuals

19  named above, plaintiff shall not have an additional seven hours of deposition time merely

20  because that individual(s) has also been designated as "persons most knowledgeable."  Rather, a

21  separate showing must be made that additional time is reasonably necessary to fully complete the

22  deposition.  Thus, each individual's deposition, regardless of whether they are deposed in their

23  individual capacity, or in their capacity as a "person most knowledgeable," shall be limited to the

24  presumptive seven hour period provided in Fed. R. Civ. P. 30(d)(2).  This order is without

25  prejudice to the parties mutually agreeing to longer depositions, or to either party filing an

26  appropriate motion to limit or extend any deposition.

1    Next, the court addresses the issues raised by both parties in connection with the

2    documents requested in the deposition notices.  On July 18, 2007, plaintiff served defendants

3    with second amended notices of depositions *duces tecum*.  Although those depositions did not go

4    forward as planned, the notices identified the documents to be produced at the depositions or in

5    advance thereof.  Rule 30(b)(5) provides that a notice of deposition may be accompanied by such

6    requests for documents, and that the "procedure of Rule 34 shall apply to the request."  Fed. R.

7    Civ. P. 30(b)(5).  Pursuant to Rule 34(b), "the party upon whom the request is served shall serve

8    a written response within thirty days after the service of the request."  Defendants' responses

9    were served five days late and consisted of numerous boilerplate objections, including objections

10   on the basis of attorney-client privilege.  These untimely objections were unsupported by a

11   privilege log as required by Fed. R. Civ. P. 26(b)(5).  Plaintiff requests an order deeming all

12   these objections, including those on the basis of privilege, waived.

13   In evaluating whether privilege should be waived when a party fails to provide a

14   privilege log at the same time that responsive information is produced, a court uses the initial

15   due date for a response as a "default guideline," while making a "case-by-case determination"

16   based on the factors articulated in *Burlington Northern & Santa Fe Rwy. Co. v. U.S. Dist. Court*,

17   408 F.3d 1142, 1149 (9th Cir. 2005), *cert. denied*, 546 U.S. 939 (2005).  Those factors include:

18   the degree to which the objection or assertion of privilege enables the litigant
     seeking discovery and the court to evaluate whether each of the withheld
19   documents is privileged (where providing particulars typically contained in a
     privilege log is presumptively sufficient and boilerplate objections are
20   presumptively insufficient); the timeliness of the objection and accompanying
     information about the withheld documents (where service within 30 days, as a
21   default guideline, is sufficient); the magnitude of the document production; and
     other particular circumstances of the litigation that make responding to discovery
22   unusually easy . . . or unusually hard.

23   *Id*., at 1149.

24   The determination should reflect a "holistic reasonableness analysis, intended to forestall

25   needless waste of time and resources, as well as tactical manipulation of the rules and the

26   discovery process."  *Id.*

4

Here, the court notes that defendants' responses were five days late, not weeks or months, and that defense counsel appeared to be under the misimpression that he was not required to produce a privilege log, and that he did not have to respond to the document requests until the day the depositions actually occurred.  Although defense counsel's position finds no support in the Federal Rules of Civil Procedure, the court finds that plaintiff's ability to take the noticed depositions was not adversely affected by defendants' misunderstanding.  The court also notes that defense counsel claims that all non-privileged, responsive documents have already been produced to plaintiff.   Accordingly, the court does not find that waiver of the attorney-client (or work product) privilege is appropriate here.  However, plaintiff shall produce, if he has not already done so, within five days from the date of service of this order, a privilege log that is sufficiently specific so as to comply with Fed. R. Civ. P. 26(b)(5).  All other objections asserted in the boilerplate responses to plaintiff's requests are waived.

Finally, the court addresses both parties' requests for sanctions in connection with these motions.  As represented at the hearing, plaintiff seeks an award of $5,6265.00 for fees and expenses incurred in bringing the present motions.  Mr. Parker represented that his associate, Ms. Suzanne M. Alves, did the bulk of the work in drafting the motions.  Pursuant to Ms. Alves' declaration, she spent 18.7 hours in preparing the motions, and her hourly rate is $275.00, both of which the court finds reasonable.  Moreover, because of the defendants' unreasonable failure to cooperate in scheduling and completing the properly noticed depositions, those fees were necessarily incurred.  Pursuant to Rule 37(a)(4)(A), the court awards plaintiff sanctions in the amount of $5,142.50.  Defendants' request for sanctions is denied.

**III. CONCLUSION**

In accordance with the foregoing, IT IS ORDERED that:

1.  Each of the eight motions to compel, filed by plaintiff on August 31, 2007, are granted consistent with this order.  The depositions shall take place as follows: (1) Juan-Pablo Molyneux on November 26, 2007; (2)  Vinicio Montegan on November 27, 2007; (3) Doug Stine on

November 28, 2007; (4) Jung Jin on November 29, 2007; and, (5) Mary Beth Karoll on November 30, 2007.  The depositions shall take place in New York, as originally noticed.

  2.  Each individual's deposition, regardless of whether they are deposed in their individual capacity, or in their capacity as a "person most knowledgeable," shall be limited to the presumptive seven hour limit provided in Fed. R. Civ. P. 30(d)(2).  This order is without prejudice to the parties mutually agreeing to longer depositions, or to either party filing an appropriate motion to limit or extend any deposition.

  3. If they have not already done so, defendants are ordered to produce a privilege log consistent with Fed. R. Civ. P. 26(b)(5), within five days from the date of service of this order.  Plaintiff's request that the attorney-client privilege be waived is denied without prejudice.  All other objections raised in the untimely responses are waived; and,

  4.  The court finds that the 18.7 hours spent by Suzanne M. Alves were reasonably and necessarily incurred to compel the depositions in question, and that her hourly rate of $275.00 is reasonable.  Plaintiff is awarded sanctions in the amount of $5,142.50.  Defendants' request for sanctions is denied.

DATED:  October 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE