DION N. COMINOS (SBN: 136522)
I. HOOSHIE BROOMAND (SBN: 210206)
GORDON & REES LLP
655 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402

Attorneys for Defendants
JUAN PABLO MOLYNEUX and
J.P. MOLYNEUX STUDIO LTD.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SACA, an individual, | CASE NO. 2:06-cv-02818-MCE-EFB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER AND ORDER** |
| vs. | |
| JUAN-PABLO MOLYNEUX, also known as JUAN P. MOLYNEUX also known as J.P. MOLYNEUX, individually and as Chief Executive Officer of J.P. MOLYNEUX STUDIO, LTD; J.P. MOLYNEUX STUDIO LTD, a New York corporation; and DOES 1-100, | |
| Defendants. | |

WHEREAS, the plaintiff JOHN SACA ("Plaintiff) served eight (8) 2nd amended deposition notices on defendants (defendants JUAN-PABLO MOLYNEUX, also known as JUAN P. MOLYNEUX also known as J.P. MOLYNEUX, individually and as Chief Executive Officer of J.P. MOLYNEUX STUDIO, LTD; J.P. MOLYNEUX STUDIO LTD) on or about July 18, 2007, and thereafter filed eight (8) Motions to Compel attendance and production of records in relation to the same, which were thereafter granted by the court on October 3, 2007, with the written Order issued on or about October 9, 2007.

WHEREAS, Plaintiff propounded four sets of written discovery to defendants in June of this year, and thereafter filed four (4) Motions to Compel Further Responses, which were also granted by the Court on October 10, 2007, with a written Order issued on October 12, 2007.

WHEREAS, Plaintiff *contends* that Defendants have and continue to improperly delay

-1-
Stipulated Protective Order and Order     2:06-cv-02818-MCE-EFB

1 Plaintiff's discovery, that Defendants have not complied with the Court's prior Orders, and have
2 and continue to withhold relevant discovery and evidence.

3     WHEREAS, Plaintiff further contends that in order to get relevant financial evidence and
4 discovery from Defendants, Plaintiff previously proposed entering into a reasonable protective
5 Order, and on the afternoon of October 19, 2007, Defendants – for the first time – requested the
6 same.

7     WHEREAS, Plaintiff contends that Defendants' recent request for the same does not
8 obviate, excuse or justify Defendants' alleged prior or present deficient discovery, productions,
9 responses or conduct, nor does it excuse non-compliance with the Court's prior Orders.
10 However, because Plaintiff still wants and needs the information/discovery that: he has and
11 continues to seek, remains outstanding and is expected from Defendants, he remains willing to
12 enter into a reasonable protective order.

13     WHEREAS, Defendants contend that they have proposed this Stipulated Protective Order
14 to facilitate discovery, and do so based on their concerns pertaining to the maintenance of
15 proprietary and/or confidential information hereinafter produced and further contend that the
16 current proposed order meets the court's previous orders.

17     WHEREAS, it is expressly understood and agreed between the Parties that this Protective
18 Order does not modify or alter in any respect, the Court's prior Orders and/or findings, or any
19 rights or claims of the parties in that regard.  To that end, this Protective Order should not be
20 construed as modifying or altering, in any respect, the Court's October $3^{rd}/9^{th}$ Order and any of
21 the discovery therewith.

22     NOW, THEREFORE, and based on the above-noted Recitals, the parties hereby consent
23 to the entry of this Stipulated Protective Order in this case to provide reasonable protections as to
24 alleged confidential documents and information hereinafter discussed and produced by
25 Defendants. The terms of this Stipulated Protective Order are as follows**:**

26     1.     For purposes of this Protective Order only, and without Plaintiff conceding that
27 any of said information is proprietary, privileged or confidential, or that by labeling said
28 information conclusively establishes the same, "Confidential Information" shall mean any

**Gordon & Rees LLP**
**655 University Avenue, Suite 200**
**Sacramento, CA 95825**

-2-
Stipulated Protective Order and Order    2:06-cv-02818-MCE-EFB

1 alleged proprietary and confidential business information of defendants, including, but not
2 limited to design drawings, pricing information, client and vendor contact and account
3 information, the names and other identifying information of current and/or former employees or
4 financial information hereinafter produced or provided by Defendants[1], including, but not limited
5 to any information relating or referring to:

      A. any company, business, corporation, joint venture, and/or partnership defendants own or has an ownership interest in; Any real property owned by defendants.

      B. any securities owned by defendants;

      C. any secured transaction by defendants;

      D. any bank accounts for defendants;

      E. any documents showing defendants' net worth; and

      F. any documents relating to gross income of Mr. Molyneux.

    2. This protective order contemplates, and is intended to protect, the above-noted alleged "CONFIDENTIAL" information being produced by or obtained from defendants or their agents as part of: testimony adduced at depositions upon oral examinations; depositions upon written questions; deposition or trial related subpoenas, disclosures, answers to interrogatories, responses and documents produced pursuant to request for documents and things; and answers to requests for admission. It shall be the duty of the party or witness who seeks to invoke protection under this Stipulated Protective Order as to documents and information hereinafter produced to give immediate notice, in the manner set forth hereinafter, of the alleged confidential information and documents to be covered hereby, and the duty of any other party or person to maintain the confidentiality thereof, commencing with such immediate notice.

    3. To maintain the confidentiality of the documents hereinafter produced and listed in paragraph 1 above, the parties hereby stipulate that the documents shall be given, shown, disclosed, made available, or communicated only to:

---

[1] It is expressly understood that Plaintiff does not concede or agree that all of the information hereinafter produced or denominated by Defendants as "confidential," is such, or the same isn't discoverable absent his consent to this Order.

Gordon & Rees LLP
655 University Avenue, Suite 200
Sacramento, CA 95825

      A. A party to this litigation, to the extent confidential information is shown to the party or used by the party solely for the purposes of this litigation. The term "party" in this section includes corporate officers and agents of the parties that are corporations;

      B. the attorneys of record for any party in this litigation, their respective associates, clerks, paralegal assistants, secretaries and employees;

      C. Any person hired or retained by the attorneys of record to assist in the preparation of this litigation for trial, such as consultants or expert witnesses, whether or not designated, and their employees and representatives;

      D. any person who prepared or originated a document, who is indicated on its face as the recipient of a copy thereof, who otherwise legitimately receives a copy or who is reasonably anticipated to be a witness at the deposition or trial, where the Confidential Information is reasonably anticipated to relate to the testimony of such witness;

      E. any other person who is designed by written stipulation of all parties filed in this action, or by further order of the Court on motion by any party to this action; and

      F. Any proceedings or individuals in this Action, including the Court, court reporters or court personnel who are required to or do deal with such documents or information in connection with this litigation as well as witnesses or the jury at the trial of this Action.

4. Any information designated as confidential information shall not be made available to persons other than those designated in paragraph 3 above or the party who produced the confidential information.

5. On each occasion, prior to viewing or possessing documents or other information deemed allegedly as confidential, each person described in paragraph 3 above, including attorneys for the parties and the parties themselves, shall execute an "Agreement Pursuant to

-4-

Stipulated Protective Order and Order                  2:06-cv-02818-MCE-EFB

**Gordon & Rees LLP**
655 University Avenue, Suite 200
Sacramento, CA 95825

1 Protective Order," a true and correct copy of which is attached hereto as Exhibit "A," and shall
2 tender the original signed agreement to the attorney for the party who provides said information
3 as the custodian of the confidential documents or information.

4     6.    In addition, on each occasion, prior to giving, showing, disclosing, making
5 available, or communicating documents or other information deemed confidential by any party,
6 the persons described in paragraph 3 above shall have other persons described in paragraph 3
7 above execute the same "Agreement Pursuant to Protective Order" (Exhibit "A"), the executed
8 original of which shall be tendered to the attorney for the party who is the custodian of the
9 confidential documents or information. For example, Plaintiff's attorneys shall have and
10 maintain all "agreements" relative to this Order, if they provide alleged confidential information
11 to their experts, consultants, etc. Plaintiff is not required to disclose said individuals to
12 Defendants, but should maintain adequate records in the event the Court requests the same.

13     7.    Documents with alleged confidential information hereinafter produced by
14 Defendants may be designated, prior to or upon production, by either providing specific written
15 notice to all other attorneys of record indicating the documents which are claimed to be
16 confidential and by legibly marking or stamping each page with a notation indicating that such
17 documents are "CONFIDENTIAL." In lieu of marking the original of the documents, the party
18 may mark the copies that are produced or exchanged.

19     8.    At any deposition session, upon any inquiry with regard to the content of a
20 document hereinafter produced and deemed alleged confidential or when counsel for a party or
21 witness deems that the answer to a question will result in the disclosure of alleged confidential
22 information within the meaning of this Order, counsel, at counsel's option, in lieu of taking other
23 steps available under the Federal Rules of Civil Procedure in such situation, may direct that the
24 question and answer be treated as confidential and subject to this Order. When such a direction
25 has been given, and/or absent an agreement or Court Order to the contrary, the testimony shall be
26 disclosed only to those individuals specified in paragraph 3 above, and the information contained
27 therein shall not be used for any purpose other than for purposes of this suit. Each party shall
28 then attach a copy of such written statement to the face of the transcript, and each copy thereof in

**Gordon & Rees LLP**
655 University Avenue, Suite 200
Sacramento, CA 95825

-5-
Stipulated Protective Order and Order    2:06-cv-02818-MCE-EFB

1  his/her possession, custody or control.  That party may also designate information disclosed at
2  such deposition as alleged "CONFIDENTIAL" by notifying all parties in writing, within 10
3  business days of the mailing or transmission of the transcript, by referencing the specific pages
4  and lines of the transcript which are alleged to be "confidential" under this Protective Order.  If
5  said occurs, each party shall then attach a copy of such written statement to the face of the
6  transcript, and each copy thereof in his/her possession, custody or control.   The depositions shall
7  remain confidential until ten (10) business days after being mailed or transmitted.

8       9.     Responses to written discovery demands and documents produced during the
9  course of discovery may be designated as confidential by the answering party by marking the
10 word "CONFIDENTIAL" on the cover page of the answers and indicating which of the answers
11 are confidential.

12      10.     No person, firm, corporation or other entity shall use confidential information
13 subject to this Order in any manner whatsoever except for this Action, the preparation for trial,
14 trial and any/or appeal of the above-entitled action.  Furthermore, no person, firm, corporation or
15 other entity subject to this Order shall give, show, disclose, make available or communicate
16 confidential information to any person, firm, corporation or other entity not expressly authorized
17 by this Order to receive such confidential information.  A party's use, for any purpose, of its own
18 documents and other things which it produces or discloses in this action shall not be considered a
19 violation of this Order.

20      11.     This Protective Order is intended to regulate the handling of alleged
21 CONFIDENTIAL information and documents hereinafter produced during the pretrial period of
22 this litigation, but shall remain in force and effect until modified, superseded or terminated on
23 the record by agreement of the parties hereto or by order of this Court, or as is deemed necessary
24 and appropriate prior to or at trial.  Nothing in this Stipulation or Protective Order should be
25 deemed or considered as any sort of a bar or prohibition against Plaintiff to utilize any alleged
26 confidential information hereinafter produced in this Action, rather it only reflects the manner in
27 which the parties agree that the information properly designated will be handled and/or presented
28 to the Court in advance of trial.  Plaintiff reserves the right to object and challenge, at any point,

**Gordon & Rees LLP**
655 University Avenue, Suite 200
Sacramento, CA 95825

1 during this litigation the alleged confidentiality or propriety of material or information
2 denominated hereinafter as purportedly being "CONFIDENTIAL." The failure by Plaintiff to do
3 so does not constitute, nor should be considered, and admission by Plaintiff that information
4 produced pursuant to this Agreement is privileged or confidential, nor should it be deemed a
5 waiver of any of Plaintiff's rights or claims. If Plaintiff objects or challenges the designation of
6 alleged CONFIDENTIAL information, the Defendants shall have the burden of establishing, by
7 way of Motion or hearing, the propriety of any "CONFIDENTIAL" designation given to the
8 same.

9 ~~12.   All transcripts of depositions or portions thereof, exhibits, answers to~~
10 ~~interrogatories, responses to requests for admissions, and other documents denominated as~~
11 ~~"CONFIDENTIAL" and that are hereinafter filed with the Court, or any pleading or~~
12 ~~memorandum purporting to reproduce or paraphrase such information, shall be filed in sealed~~
13 ~~envelopes or other appropriate sealed containers on which shall be endorsed the title of this~~
14 ~~action (including case number), an indication of the nature of its contents, the word~~
15 ~~"CONFIDENTIAL," and a statement substantially in the following form:~~

16 ~~CONFIDENTIAL~~

17 ~~Filed pursuant to stipulated protective order by _____~~
18 ~~_____. Not to be opened nor the contents revealed except (1) to the court, and then re-sealed, (2) by~~
19 ~~agreement of the parties, or (3) by prior order of this Court.~~

20 ~~13.   The Clerk of this Court is requested to maintain under seal all documents and~~
21 ~~transcripts of deposition testimony hereinafter filed in Court in this litigation which have been~~
22 ~~designated, in whole or in part, as alleged "CONFIDENTIAL" by a party.  All transcripts of~~
23 ~~depositions shall be kept under seal to the extent provided in paragraphs 7 and 8 above.~~

24 ~~14.   In the event that a party wishes to use any confidential information in any pretrial~~
25 ~~affidavits, declarations, briefs, memoranda of law, or other papers hereinafter filed in Court in~~
26 ~~this litigation, such confidential information used herein shall be maintained under seal by the~~
27 ~~Court, or until the Court orders otherwise.~~

28

**Gordon & Rees LLP**
**655 University Avenue, Suite 200**
**Sacramento, CA 95825**

15. Nothing in this stipulated protective order: (a) affects in any way, any of the Court's prior Orders in this Action, (b) affects in any way the admissibility of any documents, testimony or other evidence at trial; or (c) restricts the use of information obtained from sources other than discovery conducted under the terms of this Stipulated Protective Order.

16. Upon final termination of this action, including all appeals, each receiving party shall be under an obligation to assemble and return to the designating party within thirty (30) days all documentary material or memoranda embodying information still designated "confidential" including all copies of such memoranda or documentary material which may have been made; provided, however, that outside counsel of record may, subject to the disclosure limitations of this Order, keep one copy of each document designated "confidential" for reference in the event of disputes over the use or dissemination of information designated "confidential" and may also retain any of its work product which incorporates or refers to such confidential information. Receipt of such documentary material by the party from whom it emanated shall be acknowledged in writing.

17. This stipulated protective order may be modified by agreement of the parties, or by the Court and is subject to approval of the Court.

**APPROVED:**

GORDON & REES LLP

Dated: November 1, 2007      /s/ I. HOOSHIE BROOMAND_____
I. HOOSHIE BROOMAND
Counsel for Defendants
JUAN PABLO MOLYNEUX and
J.P. MOLYNEUX STUDIO LTD.

**APPROVED:**

FREIDBERG & PARKER, LLP

Dated: November 1, 2007      /s/ Port J. Parker_____
PORT J. PARKER
Counsel for Plaintiff
JOHN SACA

-8-

Stipulated Protective Order and Order                    2:06-cv-02818-MCE-EFB

# **ORDER**

The court approves of this stipulated protective order as modified herein. Specifically, nothing in paragraphs 5, 6, or any other part of the order, shall be construed as binding on the court or its personnel. Further, the court disapproves of, and therefore strikes, the language in the paragraphs 12, 13, and 14. Those paragraphs would circumvent this court's Local Rules concerning sealing of documents. *See* L.R. 39-141. If either party wishes to file documents under seal, they must follow the procedures set forth in that Local Rule.

SO ORDERED.

DATED: November 5, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

AGREEMENT CONCERNING MATERIAL COVERED BY A
PROTECTIVE ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF CALIFORNIA

<u>John Saca, an individual, v. Juan-Pablo Molyneux, et al.</u>
United States District Court for the Eastern District of California,
Case No. 2:06-cv-02818-MCE-EFB

I acknowledge that I have read the Stipulated Protective Order entered into this action by the United States District Court for the Eastern District of California, and that I understand its terms and agree to be bound by its terms.

DATED: _____

_____
Signature

_____
Printed Signature