IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN SACA,

      Plaintiff,                         No. CIV S-06-2818 MCE EFB

      vs.

J.P. MOLYNEUX STUDIO LTD., et al.,

                                 ORDER

      Defendants.

_____/

      This case was before the undersigned on November 20, 2007, for hearing on plaintiff's expedited motion for an order compelling compliance with prior court orders and requests for sanctions.  Port Parker and Suzanne Alves appeared as plaintiff's counsel and I. Hooshie Broomand appeared as defense counsel.

      On November 16, 2007, the court granted plaintiff's *ex parte* application to hear this motion on shortened time, acknowledging that plaintiff was set to commence depositions of defendants and several other witnesses the week of November 26, 2007, and recognizing the need to obtain previously requested discovery prior to those depositions.

      The parties were previously before the court on October 3, 2007, and on October 10, 2007, in connection with several other discovery motions filed by plaintiff.  In its order following the hearing on October 3, the court granted plaintiff's motion compelling the

1

1   depositions of defendant Juan-Pablo Molyneux and various other witnesses.  In that same order,

2   the court acknowledged and relied on defense counsel's representations that all document

3   requests appended to the eight deposition notices had been fully responded to, save any

4   documents covered by the attorney-client privilege or work product protection.  Accordingly, the

5   court  ordered defendants to promptly produce a privilege log to support that assertion, and

6   deemed all other objections to that particular discovery waived.  By that same order, the court set

7   forth the dates on which the various depositions were to occur, and denied plaintiff's request to

8   exceed the presumptive seven hour limit as to any particular individual's deposition.  Fed. R.

9   Civ. P. 30(d)(2).

10         Following the October 10, 2007, hearing, the court granted plaintiff's motion to compel

11   supplemental responses to the first set of interrogatories served on defendants, and again ordered

12   defendants to produce a privilege log to support their claims regarding purportedly privileged

13   documents that had been withheld.  In making that order, the court again acknowledged and

14   relied on defense counsel's representation that all non-privileged, responsive documents had

15   been produced.

16         The parties are now before the court on plaintiff's motion, which is styled as a motion to

17   enforce compliance with this court's previous orders.  This motion stems, in part, from

18   defendants' very recent production of thousands of documents weeks before the previously

19   ordered depositions were set to occur in New York.  Although defendants maintain that none of

20   these recently produced documents were responsive to the disputed discovery requests

21   previously before the court, plaintiff's counsel argues otherwise.  Given the significant amount

22   of discovery propounded by plaintiff in this case (in the form of multiple requests), and the large

23   of amount of recently produced documents, it is impossible for the court to say with any

24   certainty on this expedited motion whether those recently produced documents are in fact

25   responsive to the court's previous orders, and if so, to what extent.  The court does not have the

26   ////

1 | recently produced discovery before it.[1]

2 |      Nonetheless, it is clear that defendants have continually dragged their feet in producing

3 | non-privileged, responsive discovery.  This is evident from the court's two previous orders, and

4 | from the paperwork filed with the current motion.  Indeed, defendants responded to several

5 | discovery requests by improperly withholding documents contingent upon plaintiff's execution

6 | of a stipulated protective order.  *See, e.g.*, Declaration of I. Hooshie Broomand in Support of

7 | Opposition to Plaintiff's Motion to Compel Compliance with Prior Orders and Requests for

8 | Sanctions, Ex. I, at 7:1-14.  Moreover, even after obtaining a court-endorsed stipulated

9 | protective order, defendants continued to withhold financial documents they had said they would

10 | disclose – items that were specifically contemplated by the very terms of the protective order

11 | they demanded.  *See* Stipulated Protective Order, at 2:26-3:13.

12 |      It is further evident that some of the discovery more recently propounded by plaintiff was

13 | generated based on defendants' supplemental responses to discovery that was originally

14 | propounded months ago.  At least some of that discovery (e.g., defendants' supplemental

15 | responses to interrogatories), was covered by the court's previous orders.  Accordingly, by this

16 | motion, plaintiff also seeks an order compelling responses to the more recently propounded,

17 | "second set" of requests for production of documents served on defendants in late October 2007.

18 | Plaintiff's also request that defendants designate the persons who are to testify as persons most

19 | knowledgeable ("PMK") for the topics set forth in deposition notices for "PMK no. 4 and 5."

20 | ////

21 | ////

22 | ////

23 |

24 |     [1] The court does note, however, that at the hearing, plaintiff's counsel presented at least one document from the recent production which was missing several pages and appeared to have been redacted without any explanation. Defense counsel seemed unfamiliar with the document

25 | and thought the missing pages could have been due to a problem with plaintiff's copy service. The court considered that document, which shall be separately entered on the docket as an

26 | exhibit to the present motion.

1    For the reasons stated at the hearing, and due to the expedited nature of this motion, the

2  court hereby issues this summary order granting plaintiff's motion as follows:

3    1.  Defendants shall designate by November 21, 2007, the persons who are to testify on

4  the remaining topics set forth in the deposition notices for "PMK nos. 3, 4, and 5."

5    2.  Defendants shall produce by no later than November 26, 2007, all documents

6  responsive to all previously propounded discovery requests that are not covered by the attorney-

7  client privilege or work product protection, assuming such documents were previously identified

8  in a timely and sufficiently specific privilege log.  This production order includes the "financial

9  documents" currently being withheld by defendants, despite their explicit inclusion in the

10  stipulated protective order.  To the extent defense counsel believes that any documents covered

11  by this order are also covered under the terms of the protective order, production may be made in

12  accordance with that order.

13    3.   Defendants shall have until November 30, 2007, to produce all documents responsive

14  to the out-of-state litigation matter identified at the hearing, as well as the documents relating to

15  the two "non-California" architectural and design projects identified at the hearing.

16    4.  In light of defendants' recent and sizable production of documents and the

17  forthcoming production contemplated by this order, the court modifies its previous orders to

18  continue the depositions from the week of November 26, 2007, to the week of December 10,

19  2007.  This order is without prejudice to rescheduling them pending the district judge's ruling on

20  the motion to modify the pretrial scheduling order, or based on some other mutually agreeable

21  arrangement between the parties.  Further, the court grants plaintiff's request to extend defendant

22  Juan-Pablo Molyneux's deposition by one, additional seven-hour day.  The second day, if

23  required, shall occur in Sacramento, California, at defendants' expense, unless the parties are

24  able to agree otherwise.

25    5.  Plaintiff's request for a two-week extension of time to respond to the discovery

26  propounded by defendants is granted.

4

1          6.  Pursuant to Fed. R. Civ. P. 37(a)(4), plaintiff's request for an award of costs and fees

2   associated with bringing this motion is granted in the amount of $1,375.00.  *See* Declaration of

3   Suzanne Alves in Support of Plaintiff's Motion for Order, ¶11.

4          7.  As the matters addressed in the motions previously set for hearing on December 5,

5   2007, have been addressed by this order, the December 5, 2007, hearing is hereby vacated.

6          SO ORDERED.

7   DATED:  November 20, 2007.

8                                              EDMUND F. BRENNAN

9                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5