IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN SACA,

        Plaintiff,                                          No. CIV S-06-2818 MCE EFB

    vs.

J.P. MOLYNEUX STUDIO LTD., et al.,

                                                  ORDER

        Defendants.

_____/

This case was before the undersigned on November 28, 2007, for hearing on defendants' expedited motion for a protective order, or alternatively, for clarification of the court's November 20, 2007, order. Plaintiff opposed the motion, and Port Parker appeared at the hearing as plaintiff's counsel. Mercedes Colwin and I. Hooshie Broomand appeared as defense counsel. Defendant Juan-Pablo Molyneux was also present.

The parties were previously before the court on November 20, 2007, for hearing on plaintiff's expedited motion for an order to compel production of documents that were the subject of previous discovery orders. That motion also sought discovery relevant to the then impending depositions of defendant and other defense witnesses.

////

////

1

In the order following the November 20, 2007, hearing, the court ordered defendants to produce all previously requested discovery. Specifically, the court's order provided:

> 1. Defendants shall designate by November 21, 2007, the persons who are to testify on the remaining topics set forth in the deposition notices for "PMK nos. 3, 4, and 5."
>
> 2. Defendants shall produce by no later than November 26, 2007, all documents responsive to all previously propounded discovery requests that are not covered by the attorney-client privilege or work product protection, assuming such documents were previously identified in a timely and sufficiently specific privilege log. This production order includes the "financial documents" currently being withheld by defendants, despite their explicit inclusion in the stipulated protective order. To the extent defense counsel believes that any documents covered by this order are also covered under the terms of the protective order, production may be made in accordance with that order.
>
> 3. Defendants shall have until November 30, 2007, to produce all documents responsive to the out-of-state litigation matter identified at the hearing, as well as the documents relating to the two "non-California" architectural and design projects identified at the hearing.
>
> 4. In light of defendants' recent and sizable production of documents and the forthcoming production contemplated by this order, the court modifies its previous orders to continue the depositions from the week of November 26, 2007, to the week of December 10, 2007. This order is without prejudice to rescheduling them pending the district judge's ruling on the motion to modify the pretrial scheduling order, or based on some other mutually agreeable arrangement between the parties. Further, the court grants plaintiff's request to extend defendant Juan-Pablo Molyneux's deposition by one, additional seven-hour day. The second day, if required, shall occur in Sacramento, California, at defendants' expense, unless the parties are able to agree otherwise.
>
> 5. Plaintiff's request for a two-week extension of time to respond to the discovery propounded by defendants is granted.

*See* November 20, 2007, Order, at 4:3-26.

On November 26, 2007, defendants filed an *ex parte* application for an order shortening time within which to hear their motion for a protective order, or in the alternative, for a clarification of the November 20, 2007, order. The court granted the *ex parte* application in order to dispel any confusion by defendants regarding the court's previous order and in light of the looming (and partially expired) production deadlines set forth in that order.

////

Defendants' motion appears to have been triggered by a letter from plaintiff's counsel sent on November 21, 2007, following the last hearing. That letter summarized particular discovery items that plaintiff considered to be outstanding. *See* Exh. A to Defendants' Motion for Protective Order. Defendants construed this letter as an improper attempt by plaintiff to expand its previously-propounded discovery requests.

In particular, defendants objected to plaintiff's reference in the letter to "documents relating to the projects pending or completed by defendants from September 18, 2003 through September 2006." *See Id*. Defendants argue that plaintiff never requested such documents, and that they were therefore not required to produce them based on the court's previous order. It is on this point that the court grants clarification.

Plaintiff propounded discovery requests in June 2007, seeking "any and all documents that relate to the number of construction supervision projects, and design projects pending or completed by defendants from September 18, 2003 through September 2006." *See* Declaration of Suzanne Alves in Support of Plaintiff's Motion to Compel Depositions, Exh. A9 (Doc. no. 40–4, at p. 31 of 57).

Following the first discovery hearing on October 3, 2007, the court granted plaintiff's motion to compel, and relied on Mr. Broomand's representation that all non-privileged documents responsive to the discovery requests had been produced. The court ordered defendants to promptly provide a privilege log to support that assertion, and deemed all objections to the requests waived, save for those objections concerning attorney-client privilege. *See* Order, dated October 10, 2007, (Doc. no. 91).

At the present hearing, defendant argued that the June 2007 request for such documents only sought information concerning the ratio of defendants' staff to existing projects during the relevant time period. While it is true that this was certainly a topic of concern, the document requests themselves defined the terms "relate" and "documents" broadly enough to include documentary evidence tending to show that ratio, including items – such as time sheets,

3

correspondence, phone records, etc. – that would evidence the number of projects pending or completed during the relevant time period. Further, the court previously found that defendants' objections as to vagueness, burdensomeness, and the like, were waived due to defendants' failure to timely respond. Defendants have not shown adequate grounds to reconsider and modify the orders of October 10, and November 20, 2007, to reverse that ruling. Accordingly, the court confirms its previous production order. However, based on an agreement by the parties reached during the hearing, the court will extend the deadline until December 10, 2007, for defendants to produce such documents for plaintiff's inspection in New York.

The court further modifies its order as to the out-of-state litigation file identified in its November 20, 2007, order to allow defendants additional time to produce an appropriate privilege log. Accordingly, defendants shall produce the file, absent any documents covered by attorney-client privilege by November 30, 2007, and shall thereafter produce the corresponding privilege log by December 7, 2007.

At the hearing, defense counsel sought clarification as to several items identified in plaintiff's November 21, 2007, letter. Defense counsel represented that certain of those items did not exist, and that still other items had already been produced "as to the Saca [plaintiff's] project." Consistent with the court's findings above, defendants are required to produce "all documents relating to the number of other projects pending or completed" during the relevant time period. Accordingly, to the extent defendants produced items only as to the Saca project, further production is required and the court so orders. To the extent all such responsive documents have been produced, the court orders defendants to provide a written verification to that effect. The parties may stipulate between themselves regarding redaction of matters they agree are private or confidential; otherwise, the terms of the previously-endorsed stipulated protective order shall govern the production of such materials.

////

////

1  Consistent with the foregoing, defendants' request for a protective order is denied.

2  Plaintiff's request for sanctions in the form of attorney's fees for opposing this motion is
3  denied.

4  SO ORDERED.

5  DATED: November 30, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5