UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN SACA, an individual,

Plaintiffs,

v.

JUAN-PABLO MOLYNEUX, and J.P. MOLYNEUX STUDIO, LTD.,

Defendants.

No. 2:06-CV-02818-MCE-EFB

ORDER

----oo0oo----

On November 6, 2007, Plaintiff John Saca ("Plaintiff") moved to modify the Pretrial Scheduling Order ("PTSO") based on Defendants' alleged failure to cooperate in the discovery process. As explained below, the Court finds good cause to amend the PTSO.[1]

///

///

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

**BACKGROUND**

The current dispute is but one of many in this highly contentious case. Plaintiff has thus far filed approximately 17 motions to compel discovery. Despite Defendants' claims that they were diligent and acted in good faith during the discovery process, the magistrate judge has consistently granted Plaintiff's motions and has sanctioned Defendants at least twice.

The various discovery disputes and the magistrate judge's decisions on those disputes are fully documented in the docket need not be rehashed here. Plaintiff's counsel began in early March 2007, to seek agreeable dates for the depositions of eight individuals. Plaintiff also propounded interrogatories and requests for production of documents.

After repeated disagreements regarding the deposition dates and failure to respond to depositions duces tecum, Plaintiff filed motions to compel depositions and to compel production of documents. The magistrate judge granted the motions and set the deposition dates during the week of November 26, 2007. The magistrate judge also ordered Defendants to provide all necessary documents and to respond to interrogatories. That order also provides that all privileges, excepting the attorney-client privilege and the work product doctrine, are waived due to Defendants' generic repeated responses to interrogatories. Finally, the magistrate judge ordered Defendants to pay sanctions for costs incurred by Plaintiff in preparing the motion to compel.

///

After the hearing and before the depositions took place, Defendants produced to Plaintiff's copy service approximately 6,000 pages of documents and 18 compact discs containing electronic files. Accordingly, the magistrate judge extended the depositions, granted Plaintiff an additional seven-hour day for Defendant Juan Pablo Molyneux's deposition in Sacramento if necessary, and again sanctioned Defendants.

Plaintiff now seeks an order modifying the PTSO to allow Plaintiff additional time (90 days) to complete discovery, but not to allow the same additional time for Defendant. Plaintiff argues that in light of the recent delivery of approximately 6,000 pages of discovery and 18 CDs of electronic files, and the timing of the upcoming depositions, Plaintiff needs additional time to review the newly produced documents and evaluate other possible discovery needs. Plaintiff also seeks an extension of the deadline for expert witness disclosures by the same period of time.

Plaintiff argues he has been diligent in his ongoing efforts to meet the discovery deadline, as evidenced by the magistrate judge's orders and sanctions against Defendants. Plaintiff further argues that because Defendants have intentionally thwarted the discovery process, they are not entitled to an extension of their discovery deadline. Therefore, Plaintiff requests that the court modify the PTSO such that Plaintiff's discovery deadline is extended by three months and the deadline for expert witnesses be extended by three months for both parties.

///

Defendants argue that the PTSO should not be modified because Plaintiff has not established good cause and because Defendants have acted in good faith. Alternatively, if the Court does allow the modification, Defendants request that it apply to both parties equally.

**STANDARD**

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992)

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Id. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id.

///

///

Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. Id.

**ANALYSIS**

At the outset, the Court notes that the parties in this case have been loathe to agree or cooperate on the numerous discovery issues that have arisen in this case. To put it lightly, the conduct of the parties has been less than commendable. That being said, the Court finds good cause to amend the PTSO based on the fact that the parties have, in fact, acted diligently - if not civilly.

Plaintiff has propounded his discovery and where Defendant has failed to respond appropriately, Plaintiff has moved to compel. The magistrate judge has found for Plaintiff on a substantial portion of his discovery motions and has ordered sanctions against the Defendants at least twice. The parties have spent over eight months attempting to coordinate Defendant Juan Pablo Molyneux’s deposition, as well as the depositions of other agents of Defendants, and Plaintiff has had to seek an order compelling his deposition. The time spent preparing and arguing the multiple motions to compel undoubtedly detracted from Plaintiff’s ability to conduct discovery in this case.

///

///

Finally, mere weeks before Defendants' depositions were set to commence, Defendants produced to Plaintiff over 6,000 pages of documents and 18 CDs containing electronic files. This production caused the magistrate judge to continue those depositions and to issue an order directing Defendants to produce all documents responsive to Plaintiff's previously pending requests.

Because Plaintiff has been diligent in conducting discovery in this matter, the Court finds good cause to extend the discovery deadline and the expert disclosure deadline by three months. The Court will not, however, grant the unilateral extension requested by Plaintiff. The Court finds no authority, and Plaintiff cites none, that would provide for a unilateral extension of the discovery deadline. This Court finds that an extension allowing Plaintiff to conduct discovery while prohibiting Defendants from conducting responsive or rebuttal discovery would amount to a non-monetary sanction that is not supported by the record before the Court.

However, the parties (particularly the Defendant) are now advised that the Court is now aware of the of the less than civil manner in which the parties are litigating this case. Although a unilateral discovery extension is not justified at this time, if the overly contentious conditions of this case do not improve, such an order may be warranted in the future.

///

///

///

///

**CONCLUSION**

For the reasons set forth above, the Pretrial Scheduling Order entered May 3, 2007, shall be amended. All non-expert discovery shall be completed not later than March 19, 2008 and the parties shall designate expert witnesses not later than May 19, 2008.

IT IS SO ORDERED.

Dated: December 17, 2007

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE