IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN SACA,

        Plaintiff,                No. CIV S-06-2818 MCE EFB

        vs.

J.P. MOLYNEUX STUDIO LTD., et al.,

                        <u>ORDER</u>

        Defendants.

_____/

      This case was before the undersigned on February 27, 2008, for hearing on plaintiff's motion to compel compliance with previous discovery orders, for relief from the limits on depositions set forth in Fed. R. Civ. P. 30, and for evidentiary sanctions.  Port J. Parker and Suzanne M. Alves appeared as plaintiff's counsel and I. Hooshie Broomand appeared as defense counsel.  For the reasons stated on the record and set forth below, plaintiff's motion was granted in part and denied in part.

      Because this case has previously been before the court on no fewer than seventeen discovery motions, the court will not rehash the factual background of this litigation.  Nonetheless, the court notes that discovery in this case has been characterized by acrimony, due in part to failures to meet and confer and communicate in a productive and meaningful way.

////

1

The case has also been marked by repeated "emergency applications" to hear and decide discovery motions on an expedited basis.  As a result of these problems, the parties again find themselves up against an impending discovery deadline (the first deadline having been extended once by the district judge).  Given the significant amount of discovery propounded on defendants, the hurried manner in which prior motions have been brought, and the lack of meet and confer efforts by the parties, the court attributes defendants' slow and staggered production of documents to an evolving understanding of what plaintiff actually seeks, and not bad faith.  That said, plaintiff should not be required to bring discovery motions to get documents he is entitled to and which could reasonably be construed as having been responsive to previous discovery requests.

Based on the foregoing, the court denied plaintiff's motion for evidentiary sanctions, which would be tantamount to a judgment in its favor.  However, the court granted most other relief requested by plaintiff and taxed costs associated with reconvening various depositions to defendants.  In that respect, the court summarizes the orders made at the February 27, 2008, hearing as set forth below:

1.  Defendants were ordered to produce, within fifteen days from the date of the hearing, documents evidencing their calendars from 2003 to 2006, including responsive information maintained on portable handheld devices.  In particular, defendants were ordered to produce documents reflecting the calendars of Juan-Pablo Molyneux and Douglas Stine for the years 2005 and 2006.  To the extent all such documents had been previously produced, defendants were ordered to provide a certification to that effect.

2.  Defendants were ordered to produce, within fifteen days from the date of the hearing, documents reflecting expenses charged to plaintiff by defendants, including supporting documentation for plotting expenses, receipts for photocopying and travel, and other relevant vendor information.  To the extent all such documents had been previously produced, defendants were ordered to provide a certification to that effect.

3.  Defendants were further ordered to produce, within fifteen days from the date of the hearing, documents reflecting telephone message logs for the relevant time period.  To the extent all such documents had been produced, defendants were ordered to provide a certification to that effect.

4.  Defendants were ordered to produce, within fifteen days from the date of the hearing, documents reflecting time records for hourly service fees charged by defendants' employees and independent contractors during the relevant time period.  To the extent all such documents had been produced, defendants were ordered to provide a certification to that effect.

5.  Defendants were also ordered to produce, within fifteen days from the date of the hearing, documents reflecting receipts for FedEx, UPS and other overnight delivery services, during the relevant time period.  To the extent all such documents had been produced, defendants were ordered to provide a certification to that effect.

6.  Defendants were ordered to produce, within fifteen days from the date of the hearing, documents reflecting how payments by plaintiff were directed or used by defendants, including check registers, balance sheets, income statements, bank statements, and documents reflecting accounts payable/receivable for the relevant time period.[1]  To the extent all such documents had been produced, defendants were ordered to provide a certification to that effect.

7. Defendants were ordered to produce, within fifteen days from the date of the hearing, documents reflecting any business licenses held by defendants.  To the extent all such documents had been produced, or none exist, defendants were ordered to provide a certification to that effect.

8.  In light of the documentation produced the day of, and subsequent to, several depositions, the court finds good cause for reconvening the following depositions as specified:

---

[1] The court notes that plaintiff will have the opportunity to depose defendants' accountant, and that plaintiff already has voluminous documentation reflecting the net worth of defendants for purposes of his punitive damages claim.

3

1  Jung Jim Kim for two-and-a-half hours; Doug Stine for three hours; Alexander Sichkaur for one

2  hour; and Vincento Montegan for seven hours.

3      9.  Plaintiff's request to depose additional witnesses beyond the ten allowed under Fed.

4  R. Civ. P. 30 was denied without prejudice as to Pilar Molyneux, Francis Hogan, Diane

5  Guariglia, and the person most knowledgeable about financial documents in defendant's Paris

6  office.  However, defendants were ordered to provide to plaintiff a certification regarding the

7  methods used to respond to discovery requests in the Paris office, and that all responsive

8  documents had been produced from that office.  Further, the court allowed plaintiff one hour to

9  depose the person most knowledgeable about the records produced pursuant to a subpoena

10 served on Wilson Travel.

11     10.  The court denied plaintiff's request for sanctions, but ordered that the reasonable

12 costs incurred for reconvening the depositions in New York, including the airplane ticket, hotel,

13 and meals, were taxed to defendants.

14     SO ORDERED.

15 DATED:  March 24, 2008.

16                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26